UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MILVENTA MITCHELL,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:14-cv-00998 (VLB) |
| | : | |
| **LIVABLE CITY INITIATIVE, et al.,** | : | November 4, 2014 |
| Defendants. | : | |

## ORDER DISMISSING PLAINTIFF'S [Dkt. #1] COMPLAINT AND DENYING AS MOOT PLAINTIFF'S [Dkt. #3] MOTION TO APPOINT COUNSEL

Plaintiff Milventa Mitchell ("Mitchell") has filed a pro se complaint alleging that Defendants Livable City Initiative ("LCI"), United Illuminating Company ("UIC"), and New Haven City Inspector David Caplian ("Caplian") discriminated against her on the basis of race and gender by shutting down her electric power, preventing her from conducting necessary repairs and testing, and incorrectly billing her for power usage.

The Plaintiff and all three defendants are citizens of Connecticut.  See [Dkt. #1, Compl. at 1-2].  The Complaint does not state any causes of action or cite to any statutes, but liberally construing its allegations, the Court concludes that Plaintiff seeks relief under 42 U.S.C. § 1983.  Plaintiff's claim under this statute is the sole basis for this Court's subject-matter jurisdiction.

However, the Complaint does not offer any nexus between the conduct Plaintiff alleges and unconstitutional discrimination.  Instead, it merely states that Plaintiff is "a [f]emale [of] color," her "[r]ight[s] were violated," her electrical service was terminated for "[n]o [r]eason," the Defendants prevented her from

correcting purported violations, and they insisted that she undertake other expensive, unnecessary repairs.  See [*id*. at 3, 17, 19].  Such "conclusory allegation[s] of discrimination . . . without evidentiary support or allegations of particularized incidents, do[] not state a valid claim and so cannot withstand a motion to dismiss."  *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 470 (2d Cir. 2006) (stating that to plead a valid discrimination claim under § 1983 a plaintiff "would have to show that [a defendant] intentionally discriminated against her" which includes "a showing of intentional or purposeful discrimination") (citations and quotations omitted).  As Plaintiff's allegations are insufficient to state a claim for relief under Federal Rule of Civil Procedure 8, *see Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009), the Court lacks subject-matter jurisdiction to adjudicate her Complaint.

   Accordingly, the Complaint is dismissed without prejudice.  On or before February 4, 2015, Plaintiff may file a motion to reopen this case, which must be accompanied by an Amended Complaint which states particular facts from which a reasonable jury could conclude that Plaintiff's race and gender—and not her alleged illegal theft of electrical service—was the true cause of the termination of power to her residence.  Plaintiff is further instructed that, along with her Amended Complaint, she must submit payment of the filing fee.

               _____/s/_____
                Vanessa L. Bryant
                United States District Judge

**SO ORDERED this 4th day of November 2014, at Hartford, Connecticut.**